47 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anastacio VASQUEZ-LOPEZ, Defendant-Appellant.
 No. 94-50280.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1995.
Decided Feb. 24, 1995.
 
 1
 Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Anastacio Vasquez-Lopez appeals his conviction for being a deported alien found within the United States, in violation of 8 U.S.C. Sec. 1326(b)(2). He also appeals the district court's failure to grant him an additional one-level reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(b)(1).[1]
 
 DISCUSSION
 A. The Incorrect Testimony
 
 4
 Whether inadvertently or not, though probably the former, Diego Granillo, the border patrol agent who arrested Vasquez-Lopez, testified incorrectly when he twice stated that he did not take any photographs of the point along the border fence where Vasquez-Lopez was arrested. Although he had not done so at the time of the incident, he did just before trial. As the district court found, however, there is no reasonable likelihood that the incorrect testimony could have affected the jury's verdict. See United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989).
 
 
 5
 The incorrect testimony was uncovered during the course of the trial, Granillo was subject to impeachment with it, and, if anything, it cast doubt on his credibility. In addition, even though defense counsel was aware of it, Vasquez-Lopez did not raise the issue of the incorrect testimony to the court during the course of the trial. See People of Guam v. Palomo, 35 F.3d 368, 372 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 750, 63 U.S.L.W. 3515 (U.S. Jan. 9, 1995) (No. 94-6705). In fact, counsel stated that he did not object to the introduction of the photographs into evidence, and when the inaccuracy was discovered nothing was done until after the verdict came in.
 
 
 6
 Vasquez-Lopez also asserts a Brady and a Rule 16 violation arising out of the government's failure to show him the photographs before trial. In Brady v. Maryland, the Supreme Court ruled that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment." 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). The district court found that no Brady violation occurred because the government's photographs were not favorable to Vasquez-Lopez. We agree. Moreover, any additional impeachment value the photographs would have had if Vasquez-Lopez had known of them at the start of the trial is negligible, and he was afforded the opportunity to impeach Granillo. He did not do so. See United States v. Gordon, 844 F.2d 1397, 1403 (9th Cir.1988).
 
 
 7
 Federal Rule of Criminal Procedure 16(a)(1)(C) requires the government to produce to a defendant, upon his request, "photographs ... which are material to the preparation of the defense." The district court determined that the government had violated Rule 16(a)(1)(C) because Vasquez-Lopez had, in a pretrial motion, specifically requested photographs in the government's possession and because the government's photographs would have been material to the preparation of the defense. But any Rule 16 violation was harmless because the evidence of Vasquez-Lopez's guilt was overwhelming, and he neither objected to the introduction of the photographs into evidence nor asked for any Rule 16(d)(2) remedy. Rather, after he affirmatively stated that he did not object to the introduction of the photographs into evidence, he never retracted that statement and simply completed the trial. He has waived his right to object on appeal. See United States v. McQuisten, 795 F.2d 858, 865 (9th Cir.1986) (citing Fed.R.Evid. 103(a)(1)). Incidentally, the pretrial request was for photographs that would be used in the government's case in chief. The photographs in question were not so used.
 
 
 8
 Finally, Vasquez-Lopez asks us to vacate his conviction and remand for a new trial as a sanction against the government's willful misconduct in failing to immediately correct agent Granillo's incorrect testimony and in failing to reveal the photographs taken by him before trial. However, we see nothing to warrant the exercise of our supervisory power to vacate the conviction. See Thomas v. Cardwell, 626 F.2d 1375, 1382 n. 24 (9th Cir.1980), cert. denied, 449 U.S. 1089, 101 S.Ct. 881, 66 L.Ed.2d 816 (1981). Moreover, a federal court may not exercise its supervisory authority to reverse a conviction when the alleged error was harmless and did not result in prejudice to the defendant. United States v. Hasting, 461 U.S. 499, 505-07, 103 S.Ct. 1974, 1978-79, 76 L.Ed.2d 96 (1983). As we have already stated, there was no prejudice to Vasquez-Lopez as a result of any action or inaction of the prosecutor regarding the photographs, and none was even asserted until after the trial. A new trial is not warranted.
 
 B. Sentencing
 
 9
 In his sentencing position, Vasquez-Lopez requested a three-level reduction for acceptance of responsibility if the court calculated his offense level to be 16 or greater and a two-level reduction if it did not. He thus preserved for appeal the issue of the applicability of Sec. 3E1.1(b). The district court denied the extra point, and rightly so.
 
 
 10
 Section 3E1.1(b)(1) provides that a defendant is entitled to an additional one-level reduction for acceptance of responsibility if he "timely provid[ed] complete information to the government concerning his own involvement in the offense." Vasquez-Lopez is not entitled to the extra adjustment because he did not timely provide complete information to the government, as required by Sec. 3E1.1(b). Immediately upon his arrest, Vasquez-Lopez did admit that he was a citizen and native of Mexico who had entered the United States illegally at a place not designated as a port of entry. He later claimed that he had not entered the United States at all, so that information was recanted. That left the government with nothing more than his name and the fact that he was not a United States citizen. As the event showed, that minuscule amount of information amounted to almost no information at all.[2] In effect, he required the government to prove the major part of its case. It appears to us that the district court was generous when it allowed the two-point reduction pursuant to Sec. 3E1.1(a). It did not err when it failed to deduct still another point.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 All references to the Sentencing Guidelines are to the November 1, 1993, version
 
 
 [2]
 By the way, Vasquez-Lopez never told Granillo that he had previously been deported after having been convicted of a felony; Granillo discovered this information through his own investigation. Vasquez-Lopez's prior conviction and prior deportation were necessary elements of his conviction under 8 U.S.C. Sec. 1326(b)(2)